This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41963**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**JOSHUA FLOEHR,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Douglas W. Decker, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Peter James O'Connor, Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Jasmine J. Solomon, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** This matter was submitted to the Court on Plaintiff's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we reverse for the following reasons.

**{2}** On appeal, the State argues that the district court abused its discretion by granting Defendant's motion to suppress his blood test results. [BIC 3] Specifically, the State maintains that the district court erred because it did not hold a hearing on the motion or otherwise consider the three factors—culpability, prejudice, and lesser sanctions—required by *State v. Harper*, 2011-NMSC-044, ¶ 17, 150 N.M. 745, 266 P.3d 25, and *State v. Le Mier*, 2017-NMSC-017, ¶ 15, 394 P.3d 959. [BIC 3] "We review the district court's imposition of sanctions for an abuse of discretion." *See State v. Lewis*, 2018-NMCA-019, ¶ 5, 413 P.3d 484. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Duarte*, 2007-NMCA-012, ¶ 3, 140 N.M. 930, 149 P.3d 1027 (internal quotation marks and citation omitted).

**{3}** Defendant was charged with eight criminal counts following an alleged drunk driving crash that seriously injured two individuals. [BIC 1] Defendant was arraigned on September 11, 2023, and the district court set a jury trial for April 16, 2024. [BIC 2] On April 10, 2024, the State produced Defendant's blood test results. The next day, April 11, 2025, Defendant filed a motion to suppress undisclosed evidence arguing that the State failed to timely disclose the blood test results and the evidence should be suppressed. [BIC 2; RP 46-47] On April 12, 2025, the district court granted Defendant's motion stating that it was "well taken" and that the State "knew or should have had the results in order to bring this cause of action ab initio." [RP 50] The State appealed.

**{4}** Initially, we briefly address the argument raised in Defendant's answer brief that the State failed to preserve the argument it raises on appeal because it did not raise this issue before the district court and did not file a motion to reconsider. [AB 6-9] We are unpersuaded. First, the district court ruled on Defendant's motion approximately twenty-one hours after Defendant filed it, which effectively gave the State no time to respond. Second, Defendant argues that the State should have filed a motion to reconsider to preserve its argument regarding the district court's failure to consider the *Harper* and *Le Mier* factors, but does not cite to any case law to support this proposition. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Finally, pursuant to NMSA 1978, Section 39-3-3(B)(2) (1972), the State has the right to appeal from the district court's order suppressing evidence. *See id.* (explaining that "[i]n any criminal proceeding in district court an appeal may be taken by the state to the supreme court or court of appeals . . . within ten days from a decision or order of a district court suppressing or excluding evidence . . . if the district attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding"). Because the State complied with Section 39-3-3(B)(2), we conclude that the State properly appealed the district court's order granting Defendant's motion to suppress evidence.

**{5}** The State argues that *Harper* and *Le Mier* set precedent instructing the district court on the factors it must consider before entering an order imposing a sanction. [BIC 5] The State maintains that "the district court failed to hold a hearing or make any findings on the record." [BIC 5] Rather, the district court's order stated that Defendant's

motion was "well taken," which the State contends "is insufficient to meet the district court's obligation to make findings of culpability and prejudice[]" and "fails to explain why suppression of the State's evidence was the least severe available sanction." [BIC 6] The State further contends that the district court's order "suppressed the essential evidence of the blood test results, preventing the State from prosecuting Defendant and effectively dismissing the case against him." [BIC 5]

{6}     Our case law provides that when a party violates a discovery order, the district court must assess the following three factors before imposing sanctions: "(1) the culpability of the offending party, (2) the prejudice to the adversely affected party, and (3) the availability of lesser sanctions." *Le Mier*, 2017-NMSC-017, ¶ 15. In addition, our case law requires that the district court demonstrate its consideration of the above factors on the record. *See Lewis*, 2018-NMCA-019, ¶ 11 ("Upon weighing those factors, the district court then has discretion to decide what sanction to impose, but has an obligation to explain the reasons for its decision."); *id.* ¶ 12 (recognizing that "*Le Mier* requires the district court to not only weigh the degree of culpability and extent of prejudice, but also explain its decision regarding applicability of lesser sanctions on the record").

{7}     In *Lewis*, this Court addressed a similar situation. There, the district court dismissed the case with prejudice but failed to conduct any analysis of culpability or prejudice on the record, and its consideration of lesser sanctions was "cursory at best." *Id.* ¶¶ 13-15. This Court noted that without "the benefit of looking at the sanction imposed through the lens of a thorough record that indicates a careful consideration of the *Harper* factors[,]" it was "left to determine whether the district court abused its discretion by arriving at the most extreme sanction available in response to an apparently unremarkable fact pattern." *Id.* ¶ 12. This Court reversed, noting that "without an adequate record explaining the district court's ruling and reasoning, we cannot properly perform our role as an appellate court." *Id.* ¶ 16.

{8}     Here, based on our review of the record proper, it does not appear that the district court engaged with the *Harper* factors or explained its decision on the record before determining that the suppression of Defendant's blood test was the appropriate sanction. *See Lewis*, 2018-NMCA-019, ¶ 11. Rather, as noted above, the district court simply found that Defendant's motion was "well taken." It does not appear that the district court included any other findings demonstrating that it had taken the *Harper* factors into consideration. Given the lack of findings in the record proper, we conclude that the district court failed to develop an adequate record demonstrating its compliance with relevant case law, namely by explaining its analysis of the *Harper* factors, to support its sanction suppressing the blood test results. *See Lewis*, 2018-NMCA-019, ¶ 12 (explaining that "[t]he limited record in [the] case is inadequate to determine whether the district court exercised due care in making its decision to impose a severe sanction contrary to *Le Mier*'s specific requirement that a district court *must explain* its decision" (alterations, internal quotation marks, and citation omitted)).

**{9}** For the foregoing reasons, we reverse the district court's order granting Defendant's motion to suppress evidence.

**{10} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**GERALD E. BACA, Judge**